FILED
April 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002538778

**2**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7311 Greenhaven Drive #100
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtors
Melvin Leonardo & Yolanda Solorzano

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

-oOo-

IN THE MATTER OF

MELVIN LEONARDO
SS# XXX-XX-4332

YOLANDA PALACIOS SOLORZANO
SS# XXX-XX-8894

        Debtors        /

CASE NO. 08-36389-D-13G

DCNO#: PGM-4
DATE:  MAY 18, 2010
TIME:  10:00 A.M.
DEPT#: D - COURTROOM 34
HONORABLE JUDGE BARDWIL

**MOTION TO SELL REAL PROPERTY**

Comes now, Debtors, who by and through their attorney of record requests permission to sell their real property. The property to be sold is Debtors' real property commonly known as 3213 Cathedral Circle, Stockton, California.

Debtors offer the following facts in support of this request;

1. The instant case was filed on November 10, 2008. The Plan was confirmed on January 26, 2009.

2. The First Modified Plan proposes that Debtors remit payments of $475.00 per month, repaying 0% to general unsecured creditors. The total Plan length is 60 months. The Debtors have been in the Chapter 13 for 17 months.

-1-

3. The sale is to a bonafide buyer who is not a party in interest.

4. The property has a pending offer for $190,000.00. Against the property there is a first deed of trust with Greenpoint/Bank of America in the approximate amount of $395,399.27.

5. Debtors wish to short sell the above mentioned property. Sale of this property will reduce the debtors' liability.

6. Debtors surrendered the subject real property through the First Modified Plan, which was confirmed on November 27, 2009.

7. The debtors propose to sell the subject real property and continue in the Chapter 13 Plan for the remaining 43 months. Therefore, the sell of the real property does not affect debtors' ability to repay creditors or complete the Plan.

8. All liens and encumbrances shall be paid in accordance with the sales contract.

9. All net proceeds to be paid to the Trustee for the benefit of general unsecured creditors.

10. The Chapter 13 Trustee will be the disbursing agent on all pre-petition claims and liens and those liens and claims, shall be paid in a manner consistent with the Plan.

11. The Trustee must approve of the title company to be used in connection with the sale.

Respectfully submitted;

Date: April 5, 2010             /s/ Peter G. Macaluso
                                           Peter G. Macaluso, Attorney at Law